UNITED STATE FEDERAL DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
THOMAS SCIANDRA,

                      Plaintiff,

- against -

THE NEW YORK TIMES,

                      Defendants.
-----------------------------------------------------------------x

Index No. 23 CV 239 (PGG)

**AMENDED-VERIFIED COMPLAINT**

Plaintiff, by its attorneys, **GALARZA LAW OFFICE, P.C.**, complaining of Defendants, alleges as follows:

1. At all times herein mentioned, THOMAS SCIANDRA (hereinafter "Plaintiff" and or "SCIANDRA") was and still is a resident in Nassau County, State of New York located at 1929 Meadowbrook Road, Merrick, NY 11566.

2. At all times herein mentioned, THE NEW YORK TIMES (hereinafter "Defendant" and/or "NYT") was and still a business entity principally located at **620 Eighth Avenue, New York, NY 10018**.

3. At all times herein mentioned, NYT was and still a business entity with various locations including, but not limited to, **25-70 Whitestone Expwy, Flushing, NY 11354**.

4. Plaintiff does not know the true names of all the additional participants, and or all persons[1,] alleged to have committed acts described in the Verified Complaint adverse to Plaintiff's interest

## NATURE OF ACTION

5. This is an action for equitable relief and money damages on behalf of Plaintiff

---

[1] Some of the person(s) described in this Complaint were currently employed by the Defendant during the relevant period or are no longer employed by Defendant.

20

SCIANDRA.

6. At all times hereinafter mentioned, SCIANDRA was deprived of his contractual, statutory and constitutional rights as a result of the Defendant's actions and or the agents and or employees of Defendants, Defendant's policies and practices of discrimination based upon his race, national origin, and hostile work environment.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to New York State Executive Law § 296, New York City Administrative Code §8-101 *et. seq.*

8. Venue is appropriate in the County of New York as it is the county of Defendants' place of business.

## PLAINTIFF

9. At all times herein mentioned, Plaintiff SCIANDRA, 56 year old, is a member of a protected class, an Italian hetero sexual Caucasian male citizen of the United States of America and is over twenty-one (21) years of age.

10. At all times herein mentioned, SCIANDRA is a resident of the County of Nassau, State of New York and was, at all relevant times, an employee of Defendant NYT.

## DEFENDANT

11. At all times herein mentioned, Defendant NYT was, and still is, a domestic corporation duly organized and existing under, and by virtue of, the laws of the State of New York.

12. At all times herein mentioned, Defendant NYT was, and still is, a foreign corporation duly organized and existing under, and by virtue of, a state other than State of New York.

13. At all times herein mentioned, "Lenny" (hereinafter "Lenny"), whose full name is not known, is employed as a driver, approximately 55-60 years old, 6'5" in height, 250 lbs., an African American and or non-Caucasian male, was

at all relevant time an employee at the NYT[2].

14. At all times herein mentioned, "Justin" (hereinafter "Justin"), whose full name is not known, was employed as a floor man / inside worker, between 22-25 years old, approximately 170-190 lbs., 5'10" in height, an African American and or a non-Caucasian male, was at all relevant time an employee at the NYT[3].

15. At all times herein mentioned, "Cindy" (hereinafter "Cindy"), whose full name is not known, is employed as a floor man / person / inside worker, between 30-35 years old, approximately 170-190 lbs., 5'7" in height, an African American and or a non-Caucasian female, was at all relevant time an employee at the NYT[4].

16. At all times herein mentioned, "Michelle Garcia[5]" (hereinafter "Michelle"), whose full name is not known, between 50-60 years old, approximately 200-210 lbs., 6'0" in height, a Latina and or a non-Caucasian female, was at all relevant time an employee and or foreman and or supervisor of/at the NYT.

17. At all times herein mentioned, "Felix" (hereinafter "Felix"), whose full name is not known, between 50-60 years old, approximately 200-210 lbs., 5'10" in height, a Latino and or a non-Caucasian male, was at all relevant time an employee and or foreman and or supervisor of/at the NYT.

18. At all times herein mentioned, "Michael Santor" (hereinafter "Michael"), whose full name is not known, between 60-65 years old, approximately 200-210 lbs., 5'8" in height, a Caucasian male, was at all relevant time an employee and or foreman and or supervisor of/at the NYT.

---

[2] Lenny has been employed by Defendant for over 10 years and was still employed by Defendant when Sciandra was terminated from Defendant.
[3] Justin was employed by Defendant for approximately 2 years and may not have been employed when Sciandra was terminated.
[4] Cindy was employed by Defendant for approximately 2 years and may not have been employed when Sciandra was terminated.
[5] Michelle Garcia is believed to be her name and is employed by Defendant for over 20 years.

19. At all times herein mentioned, "Frank Dampman" (hereinafter "Frank"), whose full name is not known, between 60-65 years old, approximately 200-210 lbs., 6'0" in height, a non-Caucasian male, was at all relevant time an employee and or foreman and or supervisor of/at the NYT.

## PROCEDURAL REQUIREMENTS

20. Upon information and belief, and at all times hereinafter mentioned, by reason of order of Governor Cuomo, order number 202.8 and subsequent orders up to and including Executive Order No. 202.67, which extended Executive Order No. 202.8 (collectively, the "Executive Orders"), actually tolled New York statutes of limitation and other litigation deadlines for the period of **March 20, 2020 through November 3, 2020.**

21. At all times herein mentioned, Plaintiff has filed suit with this Court within the applicable statute of limitations period.

22. Plaintiff is not required to exhaust any administrative procedures prior to suit under New York State Executive Law § 296 or New York City Administrative Code § 8-101 *et. seq.*

## FACTUAL BACKGROUND

23. Upon information and belief, on or about January 1, 2010, NYT created an Anti-Harassment Policy, The Times's Mission, Value and Behaviors, and the Delivery Department Official Rules (hereinafter collectively "Rules") in its attempt comply with developments in the law, City, County, State and Federal laws, rules, and Mandates.

24. Upon information and belief, NTY failed to uniformly apply the Rules to all employees.

25. Upon information and belief, NTY failed to train Defendant's employees and or Defendant's agents to comply with the Rules.

26. Upon information and belief, NTY failed to supervise Defendant's employees and or Defendant's agents to comply with the Rules.

27. Upon information and belief, NTY failed to adhere to the Rules.

23

28. Upon information and belief, as a result of NTY's failure to abide by the Rules, Plaintiff sustained damages

29. Plaintiff SCIANDRA was employed by NYT from approximately January 1, 1979 until his termination on November 30, 2021.

30. Plaintiff SCIANDRA was employed by NYT from approximately January 1, 1979 until his termination on November 30, 2021, Plaintiff was a member of the Newspapers and Mailer's Delivery Union.

31. Plaintiff SCIANDRA was employed by NYT from approximately January 1, 1979 until his termination on November 30, 2021, Plaintiff had seniority over other Defendant's employees and or agents.

32. Plaintiff SCIANDRA was employed by NYT from approximately January 1, 1979 until his termination on November 30, 2021, as a "steady man."

33. At all times relevant herein, Plaintiff SCIANDRA was employed by NYT from approximately January 1, 1979 until on or about November 30, 2018, as a Driver working the evening shifts and from on or about November 30, 2018, through November 30, 2021, as a Driver working the day shifts.

34. Plaintiff SCIANDRA had an altercation with two employees on or about October 27, 2010, when two employees of NYT, O'Neil Henry and Joseph Dampman[6] made inappropriate sexual references to SCIANDRA.

35. Thereafter, Plaintiff SCIANDRA experienced hostility of race,, perceived sexual orientation[7], discrimination, harassment, and hostile work environment from the aforementioned non Caucasian employees of the Defendant almost on a weekly basis since on or about October 27, 2010[8] through November 30, 2021.

36. Upon information and belief, SCIANDRA experienced hostility of race, perceived

---

6 O'Neil Henry, John Dampman and Sciandra were all disaplined.
7 Apparently, rumors circulated following the October 27, 2010, incident concerning Sciandra's sexual orientation.
8 During each relevant employee's respective employment with Defendant.

24

and or rumored sexual orientation, and national origin, discrimination, harassment, and hostile work environment from the aforementioned non Caucasian employees from on or about November 30, 2018 through November 30, 2021 on a daily basis and the same was known to Defendant.

37. Upon information and belief, all conduct complained of herein occurred between on or about November 30, 2018, through November 30, 2021.

38. Upon information and belief, from on or about November 30, 2018, through November 30, 2021, and continuing weekly Plaintiff was customarily working while other minority co-workers like Justin sat and did nothing or minimal.

39. Upon information and belief, from on or about November 30, 2018, through November 30, 2021, and continuing weekly Plaintiff was customarily working while other minority co-workers like Justin sat and did nothing or minimal despite his ability to conduct the same.

40. Upon information and belief, from on or about November 30, 2018, through November 30, 2021, and continuing weekly Plaintiff was customarily harassed and disciplined without justification by Felix, a minority foreman while Felix failed or refused to harass and or implement discipline toward other minority co-workers of equal employment stature as SCIANDRA.

41. Upon information and belief, from on or about November 30, 2018, through November 30, 2021, and continuing weekly, Plaintiff was customarily harassed by Lenny, a co-worker who frequent and falsely accused SCIANDRA of wrongdoing

42. Upon information and belief, from on or about November 30, 2018, through November 30, 2021, Plaintiff was sent home for alleged work place infractions whiles other minority co-workers like Justin's

25

alleged work infractions, were condoned and/or tolerated by Michelle and Felix and other supervisors.

43. Upon information and belief, from on or about November 30, 2019, through November 30, 2021, Plaintiff complained to supervisor Michael Santor, a foreman, concerning the disparaging treatment SCIANDRA received by Felix, Michelle, Lenny and Justin.

44. Upon information and belief, from on or about November 30, 2019, through November 30, 2021, Plaintiff complained to supervisor Frank Dampman, a foreman, concerning the disparaging treatment SCIANDRA received by Justin, Michelle, and Lenny.

45. Upon information and belief, on or about November 30, 2019, and continuing thereafter, Felix, Cindy, Justin, Lenny and Michelle created a hostile work environment for SCIANDRA.

46. Upon information and belief, from on or about November 30, 2018, through November 30, 2021, Plaintiff was customarily antagonize, berated and force to endure harassment and or otherwise other acts of extreme hostility on a daily basis which included, but was not limited to, antagonizing, being called a fagot by Justin, being falsely accused of misconduct, and accused of harassing other non-Caucasian co-workers.

47. Upon information and belief, on or about November 30, 2019, and continuing thereafter, Plaintiff was harassed by minority co-workers Cindy, Justin, Lenny and Michelle as a result of Plaintiff's complaint.

48. Upon information and belief, from on or about November 30, 2019, through November 30, 2021, Defendant knew, or should have known, of the disparaging treatment, the harassment and the hostility the Plaintiff sustained at the hand of employees of Defendant and failed to take correct measures to remedy the wrong experienced by Plaintiff.

49. Defendant did nothing to remedy Plaintiff's complaint concerning the conduct complained

26

of herein.

50. Upon information and belief, on or about December 1, 2019, Michelle unsuccessfully tried but failed to sabotage SCIANDRA'S work performance by mislabeling pre-marked skids being set up to be delivered to target Plaintiff.

51. Upon information and belief, on or about December 1, 2019, Michelle and her brother, Maurice Garcia (hereinafter "Maurice"), another co-worker and employee and/or agents of Defendant, unsuccessfully tried but failed to convince other employees to support false allegations against SCIANDRA, accusing SCIANDRA of public urination in the yard, to target Plaintiff.

52. Upon information and belief, on or about December 1, 2019, Michelle and Maurice approached a security guard employed by the Defendant another co-worker and an employee of Defendant, tried but failed to convince other employees to make false allegations against the Plaintiff, accusing the Plaintiff of public urination to target Plaintiff.

53. On or about December 15, 2019, Plaintiff was falsely accused of making discriminatory statement by the same minority co-workers Michelle, Cindy, Justin and or Lenny.

54. Upon information and belief, on or about December 15, 2019, Cindy, Justin, Lenny and Michelle brought forth false allegations against SCIANDRA accusing SCIANDRA of calling Cindy and Justine racial epithets.

55. Upon information and belief, on or about December 15, 2019, Cindy, Justin, Lenny and Michelle falsely accused SCIANDRA of calling Lenny racial epithets due to SCIANDRA'S ethnicity.

56. Upon information and belief, on or about December 15, 2019, Michelle Lenny, Cindy and Justin and/or other Defendant's employees and/or agents of Defendant falsely accuse SCIANDRA of calling Justin and Cindy a "nigger" on two separate occasions.

57. Upon information and belief, on or about December 15, 2019, Defendant unreasonably relied on the allegations of Michelle, Justin, Cindy and Lenny and failed to adequately address the false allegations of SCIANDRA of calling Defendant's employee Justin and

Cindy a "nigger" on two separate occasions.

58. Upon information and belief, on or about December 15, 2019, Defendant unreasonably relied on the allegations of Defendant's employees and/or agents who had targeted Plaintiff because he his white and a member of a protected class.

59. Upon information and belief, Defendant knew, or should have known, that Defendant, Defendant's employees and/or agents tried but failed to secure others to make false allegations against the Plaintiff to target Plaintiff who is a member of a protected class.

60. Upon information and belief, Defendant failed to take action to protect the Plaintiff against Defendant's coworkers, in that the Defendant knew that the aforementioned Defendant's employees and/or agents falsely tried but failed to secure others to make false allegations against the Plaintiff to target Plaintiff who is white and a member of a protected class.

61. Upon information and belief, from on or about December 15, 2019, and continuing through November 30, 2021, Defendant created an environment at its workplace that enabled Defendant's employees and/or agents to violate the Rules and Plaintiff's rights without consequences.

62. Upon information and belief, from on or about December 15, 2019, and continuing through November 30, 2021, Defendant created an environment at its workplace that enabled Defendant's employees and/or agents to enforce the Rules disparagingly against Plaintiff and others like him.

63. Upon information and belief, from on or about December 15, 2019, and continuing through November 30, 2021, Defendant created an environment at its workplace that enabled Defendant's employees and/or agents to violate Plaintiff's protected rights under the Constitution of the United States of America and the Constitution of the State of New York.

64. Upon information and belief, from on or about December 15, 2019, and continuing through November 30, 2021, the disparaging treatment of the Plaintiff and others like him was common knowledge to Defendant and/or Defendant's employees and/or agents.

65. Upon information and belief, from on or about December 15, 2019, and continuing through November 30, 2021, Defendant and/or Defendant's employees and/or agents failed to impartially and thoroughly investigate.

66. Upon information and belief, from on or about December 15, 2019, and continuing through November 30, 2021, Defendant and/or Defendant's employees and/or agents failed to abide to the terms of its contractual obligation with the Plaintiff pursuant to its Letter Agreement with Plaintiff dated April 24, 2014. See said Letter Agreement as Exhibit "A".

67. Upon information and belief, from on or about December 15, 2019, and continuing through November 30, 2021, Defendant and/or Defendant's employees and/or agents failed to act in good faith as per the terms of its contractual obligation with the Plaintiff pursuant to its Letter Agreement with Plaintiff dated April 24, 2014.

68. Upon information and belief, from on or about December 1, 2019, and continuing through November 30, 2021, violated the terms of its contractual obligation with the Plaintiff.

69. Plaintiff was ultimately terminated from NYT on November 30, 2021, as a result of Defendant's failure to abide by the terms of the contract. See Letter of Termination Dated November 30, 2021, as Exhibit "B".

70. Upon information and belief, the allegations were simply a pretext for carrying out unlawful discrimination by Defendant and/or Defendant's employees and/or agents against SCIANDRA.

71. Upon information and belief, the allegations were a culmination of the practices of the Defendant resulting from its failure to prevent unlawful discrimination by Defendant and/or Defendant's employees and/or agents.

72. As a result of the foregoing, Plaintiff suffered economic, mental and emotional damages, including, but not limited to, insomnia, stress, anxiety, loss of medical benefits, lost wages and termination of emloyment.

### AS AND FOR A 1ST CAUSE OF ACTION
### VIOLATIONS AND CLAIMS ALLEGED

## RACE DISCRIMINATION

73. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "72" with the same force and effect as is fully set forth herein.

74. Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon race or for having made charges of same.

75. Plaintiff alleges that based upon the foregoing, Defendant NYT discriminated against the Plaintiff based on his race and for having made charges of same.

76. Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendant NYT, Plaintiff has suffered the indignity of race discrimination, and great humiliation.

77. Plaintiff alleges that because of Defendant NYT's violations, Plaintiff has been damaged.

## AS AND FOR A 2nd CAUSE OF ACTION
## NATIONAL ORIGIN DISCRIMINATION

78. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "77" with the same force and effect as is fully set forth herein.

79. Plaintiff alleges that New York State Executive Law §296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon national origin or for having made charges of same.

80. Plaintiff alleges that based upon the foregoing, Defendant NYT against the Plaintiff based on his national origin and for having made charges of same.

81. Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendant NYT, plaintiff has suffered the indignity of national origin discrimination, and great humiliation.

82. Plaintiff alleges that because of Defendant NYT'S violations, Plaintiff has been damaged.

## AS AND FOR A 3rd    CAUSE OF ACTION
### HOSTILE WORK ENVIRONMENT IN VIOLATION
### OF NEW YORK STATE EXECUTIVE LAW §296

83. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "82" with the same force and effect as is fully set forth herein.

84. Plaintiff alleges that New York State Executive Law §296, makes it unlawful to create, condone and/or tolerate a hostile working environment based upon race, gender and national origin, harassment, and retaliation.

85. Plaintiff alleges that based upon the foregoing, NYT created, condoned and tolerated a hostile working environment which negatively affected the terms and conditions of his employment.

86. Plaintiff alleges that Defendant NYT created, condoned and tolerated a hostile working environment which caused Plaintiff to sustain damages.

## AS AND FOR A 4th    CAUSE OF ACTION
### BREACH OF CONTRACT

87. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "86" with the same force and effect as is fully set forth herein.

88. Plaintiff alleges that Plaintiff had a contractual Agreement with the Defendant.

89. Defendant NYT failed to perform its obligation with the Plaintiff pursuant to said contract.

90. Defendant NYT breached said Agreement with Plaintiff.

91. Defendant failed to act in good faith pursuant to the terms of the Agreement.

92. Defendant NYT's breach caused Plaintiff to sustain damages.

## JURY TRIAL DEMANDED

93.     Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands compensatory and punitive damages from Defendants jointly and severally, in an amount to be determined at trial, plus any available statutory remedies, both legal and equitable, and interests and costs, Judgement in favor of Plaintiff, against the Defendants for substantial damages in a sum in excess of the jurisdiction of any Court other than of the Supreme Court of the County in which suit will be brought; and Such other and further relief as this Court deems just, proper, and equitable, together with the costs and disbursements of this action.

Dated: May 31, 2023
       Massapequa Park, New York

                                    Yours etc.

                                    _____
                                    J. Ceasar Galarza, Esq.
                                    **GALARZA LAW OFFICE, P.C.**
                                    Attorneys for Plaintiff
                                    THOMAS SCIANDRA
                                    5020 Sunrise Highway, 2nd Floor
                                    Massapequa Park, New York 11762
                                    (516) 797-1600

UNITED STATE FEDERAL DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
THOMAS SCIANDRA,

                          Plaintiff,

- against -

THE NEW YORK TIMES,

                          Defendants.
-----------------------------------------------------------------x

Index No. 23 CV 239 (PGG)

**VERIFICATION**

STATE OF NEW YORK   )
                                ) ss.
COUNTY OF NASSAU    )

        THOMAS SCIANDRA affirms the following:

        1.      I am the Plaintiff herein.

        2.      I have read the foregoing Summons and Complaint and know the contents thereof; that the same is true to my knowledge except as to matters stated therein to be upon information and belief; as to those matters, I believe them to be true. The grounds of my belief are of personal knowledge and also records and files maintained by Affirmant.

                                                              _____
                                                             THOMAS SCIANDRA

Sworn to before me this
31 day of May, 2023

_____
Notary Public

JULIO CEASAR GALARZA
Notary Public, State of New York
No. 02GA6339470
Qualified in Nassau County
Commission Expires April 4, 2024

33

## CERTIFICATE OF SERVICE

I certify that on ~~May~~ June 1, 2023 affirmant served, via the Court's ECF system and email the foregoing AMENDED COMPLAINT **with Exhibits** on the following:

To:

PROSKAUER ROSE LLP
Attorney for Defendant
The New York Times Company
Neil H. Abramson
Rosanne Facchini
Eleven Tmes Square
New York, NY 10036
nabramson@proskauer.com
rfacchini@proskauer.com


Dated: Massapequa Park, New York
~~May 31~~, 2023
June 1

J. Ceasar Galarza (JG1557)
jcg@galarzalawoffice.com

34